# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-838-DJH

**COOK PRODUCTIONS, INC.,**            **Plaintiff,**

v.

**DOES 1-9,**            **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for leave to conduct limited discovery prior to taking part in a Rule 26(f) conference. (DN 5.) For the following reasons, Plaintiff's motion (DN 5) is **granted**.

## BACKGROUND

This is a copyright infringement action involving Defendants' alleged infringement of Plaintiff's registered copyright in the film *Mr. Church*, which was released in the United States in September 2016. (DN 1 (Complaint), ¶¶ 6-7; DN 5-1 at 1.) Plaintiff alleges that Defendants, identified by Plaintiff as "Does 1-9," used peer-to-peer file sharing programs such as "BitTorrent" to illegally obtain and distribute high-quality copies of *Mr. Church*, Plaintiff's copyrighted material. (DN 5-1 at 1-2.) At this juncture, Plaintiff knows Defendants "only by their Internet Protocol ("IP") addresses, which were observed by Plaintiff's investigator, Maverickeye, as distributing Plaintiff's motion picture." (DN 1, ¶ 13.) As a result, in the motion now before the Court, Plaintiff seeks leave to conduct discovery prior to a Rule 26(f) planning conference in order to determine Defendants' identities and contact information. (DN 5-1 at 2-3.) According to Plaintiff, "Defendants' actual names may only be obtained from the non-party Internet Service Provider ("ISP") to which Defendants subscribe and from which Defendants

obtain internet access, as this information is readily available to the ISPs from documents kept in the regular course of business." (*Id.*) Accordingly, Plaintiff now seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference, in the form of Rule 45 subpoenas to be served on a non-party ISP, Comcast, for the purpose of ascertaining the identities and contact information for each of the Defendants. (*Id.* at 3.)

## DISCUSSION

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),[1] except in a proceeding exempted from initial disclosure by Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). District courts within the Sixth Circuit "require a showing of good cause in order to authorize expedited discovery." *I.T. Prods., LLC v. Does*, 2017 U.S. Dist. LEXIS 99749, *2 (W.D. Ky. June 28, 2017) (quoting *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 183075, *1 (S.D. Ohio Aug. 19, 2015) (citations omitted); *see also Woodward v. Chetvertakov*, 2013 U.S. Dist. LEXIS 155405, *1 (E.D. Mich. Oct. 30, 2013) ("In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists.") (citation omitted).

"Good cause may be found based upon '(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the

---

[1] Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1).

2

information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward.'" *I.T. Prods.*, 2017 U.S. Dist. LEXIS 99749 at *2 (quoting *Manny Film, LLC v. Doe*, 2015 U.S. Dist. LEXIS 138608, *1 (S.D. Ohio Mar. 27, 2015) (quoting *Best v. Mobile Streams, Inc.*, 2012 U.S. Dist. LEXIS 170342, *1 (S.D. Ohio Nov. 30, 2012)). "In addition, '[c]ourts . . . look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored.'" *Id.* at *2-3 (quoting *Manny Film*, 2015 U.S. Dist. LEXIS 138608 at *1 (citing *Best*, 2012 U.S. Dist. LEXIS 170342 at *1)).

Plaintiff wishes to serve Rule 45 subpoenas on Comcast, the ISP for each of the nine Doe Defendants, so that it may obtain the subscriber names and contact information for each Defendant. In a similar case, the Southern District of Ohio addressed factors for consideration in assessing the appropriateness of permitting such early discovery.

> In granting expedited discovery in BitTorrent cases, courts have found several factors significant. One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address. Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants. Further, courts have looked to whether the elements of a copyright infringement claim have been pled. Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants. Finally, courts have considered the likelihood of prejudice to any alleged infringers.

*Manny Film*, 2015 U.S. Dist. LEXIS 138608 at *2 (citing *Vision Films, Inc. v. Does 1-20*, 2013 U.S. Dist. LEXIS 47969, *2 (E.D. Tenn. Apr. 3, 2013)). In this case, Plaintiff has specifically identified each of the nine Doe Defendants. Attached to the complaint are tables setting forth each Defendant's IP address, the date and time at which the illegal downloads allegedly occurred

(the "hit date"), the file name that each Defendant downloaded (in each case, a *Mr. Church* file), the "hash identifier" of the download, the ISP for each Defendant (in each case, Comcast), and each Defendant's state, city, and county, among other information. (DN 1-2 at 2-4.) Moreover, attached to the motion (DN 5) is a declaration of Plaintiff's forensic investigator, Daniel Arheidt, in which he explains the efforts that he expended in order to identify Defendants. (DN 5-1 at 14-20 (Arheidt Declaration).)

Additionally, Plaintiff has pleaded the elements of a copyright infringement claim. Plaintiff alleges that Defendants copied and distributed *Mr. Church* without Plaintiff's permission and in violation of Plaintiff's exclusive rights in *Mr. Church* under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (*See, e.g.*, DN 1, ¶¶ 1, 40-43.) The Court further finds that the Rule 45 subpoenas that Plaintiff wishes to serve are likely to lead to the discovery of information that would allow Plaintiff to effectively serve Defendants. Specifically, Plaintiff states in the motion for leave to take early discovery that each Doe Defendant subscribes to and maintains internet access from Comcast, and therefore, Comcast has the information Plaintiff needs to identify each Defendant. The Court finds that Plaintiff's proposed discovery is sufficiently tailored to Plaintiff's limited goal of effectuating service on the Doe Defendants. (*See* DN 5-1 at 8 ("Plaintiff only seeks to discover the name and address of each of the Doe Defendants. This is all specific information that is in the possession of their ISP, Comcast that will enable Plaintiff to advance this action.").) Further, the Court is convinced that Comcast is the only entity from which Plaintiff can ascertain Defendants' true identities, as the ISP is "the only party who possesses records which track IP address assignment to its subscribers." (*Id.* at 8 (and cases

cited).)  Finally, the Court can discern no potential prejudice to the Doe Defendants based on the limited discovery being permitted.

For the foregoing reasons, the Court finds that Plaintiff has demonstrated the requisite good cause to serve limited discovery prior to the Rule 26(f) conference in this case.  The Court will grant Plaintiff's motion (DN 5).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to take limited discovery prior to a Rule 26(f) conference (DN 5) is **GRANTED**.  The Court hereby grants Plaintiff leave to serve subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure, on Comcast, to obtain he names, addresses, phone numbers, and email addresses of the persons or entities using the nine (9) IP addresses listed in Exhibit B to the complaint (DN 1-2 at 2-4).

cc:  Counsel of record